**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| TAILEIA GLASS, | Civil Action Number: 6:23-cv-686 |
| Plaintiff, | |
| v. | |
| BREAD FINANCIAL HOLDINGS, INC., D.B.A. COMENITY CAPITAL BANK, MIDLAND CREDIT MANAGEMENT, INC., SCOTT & ASSOCIATES, P.C., EXPERIAN INFORMATION SOLUTIONS, INC, EQUIFAX INFORMATION SERVICES LLC, TRANS UNION, LLC; | **COMPLAINT** |
| Defendant(s). | **DEMAND FOR JURY TRIAL** |

**TO THE HONORABLE UNITED STATES DUSTRICT JUDGE:**

   **NOW COMES**, Plaintiff TAILEIA GLASS ("Plaintiff"), by and through her attorneys, JAFFER & ASSOCIATES, PLLC, and brings this *Complaint* against Defendant BREAD FINANCIAL HOLDINGS, INC., D.B.A. COMENITY CAPITAL BANK referred to as ("Comenity"), Defendant Midland Credit Management, INC referred to as ("Midland"), Defendant Scott & Associates, P.C. referred to ("Scott") Defendant Experian Information Solutions, INC referred to as ("Experian"), Defendant Equifax Information Services, LLC referred to as ("Equifax"), and Defendant Trans Union, LLC referred to as ("Transunion") collectively referred to as the ("Defendants") and respectfully sets forth, complains, and alleges, upon information and belief, the following:

1

## PREMLIMINARY STATEMENT

1.    This is an action for actual and statutory damages, punitive damages, costs, and attorney's fees pursuant to 15 USC §1681 *et seq.* the Fair Credit Reporting Act ("FCRA") and 15 U.S.C. §1692 *et seq*, the Fair Debt Collection Practices Act.

## JURISDICTION & VENUE

2.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as well as 15 U.S.C. § 1681p *et seq,* and §1692 *et seq.*

3.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), being that the acts and transactions occurred here, and Plaintiff resides here.

4.    Under Fed. R. Civ. P. 20(a), joinder is proper where: (1) the claims against the defendants arise out of the same transaction, occurrence, or series of transactions or occurrences, and (2) there is a question of law or fact common to all defendants.

## PARTIES AND SERVICE

5.     At all times relevant Plaintiff was a resident of McClennan County, Texas.

6.     At all times material hereto, Plaintiff was a "Consumer," as defined under 15 U.S.C. § 1681a(c), and 15 U.S.C. § 1692a(3).

### Midland Credit Management, INC

7.    Defendant Midland Credit Management, inc ("Midland") is a Debt Collector as defined under 15 U.S.C. § 1692a(3), the *Fair Debt Collection Practices Act* ("FDCPA"). As well as a "person" who furnishes consumer credit information to consumer reporting agencies under 15 U.S.C. § 1681s-2 and may be served with process through its registered agent Corporation Service Company DBA CSC- Lawyers Inco for service of process at 211 E. 7th Street Suite 620 Austin, TX 78701.

8.      As used herein, "consumer reporting agency," or "CRA," is any person who, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports (commonly referred to as "credit reports") to third parties. CRAs specifically include, but are not limited to Equifax, Experian, and TransUnion.

## Comenity Bank

9.      Defendant Bread Financial Holdings, INC, D.B.A Comenity Capital Bank., ("Comenity") is a "person" who furnishes consumer credit information to consumer reporting agencies under 15 U.S.C. § 1681s-2 and may be served with process through its registered agent C T Corporation System for service of process at 1999 Bryan St, Ste. 900, Dallas, TX 75201.

## Scott & Associates, P.C.

10.     Defendant Scott & Associates, P.C ("Scott") is a Debt Collector as defined under 15 U.S.C. § 1692a(3), the *Fair Debt Collection Practices Act* ("FDCPA"). and may be served with process through its registered agent Corporation Service Company National Registered Agents, INC for service of process at 1999 Bryan St, Ste. 900, Dallas, TX 75201.

## Defendant Experian

11.     Defendant Experian Information Solutions, Inc., ("Experian") is a consumer reporting agency as defined by 15 U.S.C § 1681a(f) and conducts substantial and regular business activities in this judicial district. Experian is a Texas company registered to do business in the State of Texas and may be served with process upon C.T. Corporation System, its registered agent for service of process, at 1999 Bryan Street, Suite 900, Dallas, TX 75201.

12.     At all times material hereto, Experian is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purposes of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d), to third parties.

13.     At all times material hereto, Experian disbursed such consumer reports to third parties under a contract for monetary compensation.

**Defendant Trans Union**

14.     Defendant Trans Union ("Transunion") is a consumer reporting agency as defined by 15 U.S.C § 1681a(f) and conducts substantial and regular business activities in this judicial district. Trans Union is an Illinois company registered to do business in the State of Texas and may be served with process upon The Prentice Hall Corporation System, its registered agent for service of process, at 211 E. 7th Street 620, Austin, TX 78701.

15.     At all times material hereto, Transunion is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purposes of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d), to third parties.

16.     At all times material hereto, Trans Union disbursed such consumer reports to third parties under a contract for monetary compensation.

**Defendant Equifax**

17.     Defendant Equifax is a consumer reporting agency as defined by 15 U.S.C § 1681a(f) and conducts substantial and regular business activities in this judicial district. Equifax is a Georgia company registered to do business in the State of Texas and may be served with process upon

Corporation Service Company, its registered agent for service of process, at 211 E. 7th Street Suite 620 Austin, TX 78701.

18.    At all times material hereto, Equifax is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purposes of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d), to third parties.

19.    At all times material hereto, Equifax disbursed such consumer reports to third parties under a contract for monetary compensation.

## FACTUAL ALLEGATIONS

20.    In May of 2020, Defendant Comenity Bank opened a loan for Plaintiff starting with 778840 with an initial balance of $13,510 ("Account"). The purpose of the Account was for a medical procedure that the Plaintiff needed and was to be done in two parts.

21.    Plaintiff subsequently set up a payment plan for her Account with Defendant Comenity.

22.    Around July of 2020, Defendant Comenity Bank froze Plaintiffs Account, and did not allow her scheduled payments to be posted, due to a fraud alert placed on her account.

23.    Between July of 2020 and March of 2021, Plaintiff called Defendant Comenity's customer care center repeatedly to request to make payments on her account.

24.    During those calls, Defendant Comenity requested a copy of Plaintiffs Social Security Card, identifying documents, and a recent utility bill to unlock her account.

25.    Plaintiff mailed all documents Defendant Comenity requested, yet Defendant Comenity failed to unlock her Account.

26.     Between July 2020, and March 2021, Plaintiffs doctor refused to perform the second procedure due to the Doctors business relationship with Defendant Comenity, because the Account was reported past due and delinquent.

27.     In March of 2021, Defendant Comenity charged off the account in the amount of $14,363 and sold it to Midland Credit Management.

28.     In April of 2021, Defendant Midland placed a collection account on Plaintiffs credit report for $14,363 ("Collections Account").

29.     Subsequently, Plaintiff began applying for employment at financial institutions.

30.     Plaintiff has been denied by several employment opportunities due to the collection account from Midland, most specifically a job with USAA Insurance.

31.     Since April of 2021, Plaintiff has disputed both the charged off account with Defendant Comenity, and the collections account with Defendant Midland through Defendants Transunion, Equifax, and Experian about 20 times.

32.     Most recently in June of 2022, all Defendants verified the account as accurate, the same as the prior approximately 20 times before.

33.     On or about August 10th, 2023, Defendant Scott sent Plaintiff a debt collection letter, attempting to collect on the Account on behalf of Defendant Midland. This debt collection attempt was unfair because the debt should have never been sent to collections to begin with as Defendant Comenity prevented Plaintiff from making payments on her Account. See **Exhibit A**, a true and correct copy of the debt collection letter sent to Plaintiff.

34.     The Defendants have repeatedly verified the Account, despite the Account being locked due to a fraud notice.

35.    Plaintiff has had problems with getting housing at apartments, resulting in suffering for both her and her family.

36.    Plaintiff has not been able to find a job in finance and has returned to school to pursue a teaching degree because they generally do not run credit history reports.

37.    Plaintiff has also not been able to obtain the second medical procedure necessary for her medical ailment, and lives in fear that her ailment will return.

38.    This return to school has resulted in financial strain for Plaintiff, as she is unable to qualify for most student loans and has had to pay for her additional education out of pocket.

39.    Defendant Comenity violated the FCRA by repeatedly validating the alleged debt, despite not allowing Plaintiff to make payments on her Account.

40.    Defendant Midland violated the FCRA by attempting to collect on a debt that was created by Defendant Comentity.

41.    Additionally, Defendant Midland violated the FCRA by placing the account of Plaintiff's credit report, despite the account being marked as "fraudulent".

42.    For the reasons aforementioned, Defendant Scott violated the FDCPA when they attempted to collect on the debt that was sent to collections due to Defendant Comentity preventing Plaintiff from making payments on her account.

43.    Defendant Experian violated the FCRA by publishing inaccurate information and failing to perform a reasonable reinvestigation of the account following Plaintiff's disputes.

44.    Defendant Equifax Violated the FCRA by publishing inaccurate information and failing to perform a reasonable reinvestigation of the account following Plaintiffs disputes.

45.    Defendant Transunion violated the FCRA by publishing inaccurate information and failing to perform a reasonable reinvestigation following Plaintiff's disputes.

46.    This error shall be on consumers credit report for a minimum of 7 years and will continue to injure consumers ability to obtain credit, insurance, employment, and housing opportunities for 7 years at minimum.

47.    Due to the failings and behavior of Defendants, Plaintiff has been unable to obtain a job in the field of finance and has had to go back to school to pursue an alternate vocational path. Plaintiff has also had difficulty in obtaining housing. Plaintiff has suffered loss of credit worthiness, emotional distress, mental anguish, and the inability to enjoy life. Additionally, Plaintiffs repeated attempts to correct her credit reports accounts have resulted in a waste of time and resources for the Plaintiff.

### FIRST CAUSE OF ACTION
**Violations of the FDCPA as to
Defendant Midland Credit Management**

48.    Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

49.    The FDCPA prohibits a laundry list of deceptive, abusive, and unfair behavior by Debt collectors including but not limited to:

(e) A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(2) The false representation of the character, amount, or legal status of any debt.

(8) Communicating or threatening to communicate to any person credit information which is known, or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

Section §1692f: A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

50.    More specifically, Midland violated the FDCPA for all the reasons stated above.

51.    For these reasons, Defendant Midland has violated the FDCPA and is liable to the Plaintiff for actual damages, statutory damages, costs, and reasonable attorney's fees.

**SECOND CAUSE OF ACTION**
**Violations of the FDCPA as to**
**Defendant Scott & Associates, P.C.**

52.    Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

53.    The FDCPA prohibits a laundry list of deceptive, abusive, and unfair behavior by Debt collectors including but not limited to:

(e) A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(2)  The false representation of the character, amount, or legal status of any debt.

(8) Communicating or threatening to communicate to any person credit information which is known, or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

Section §1692f: A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

54.    More specifically, Scott violated the FDCPA for all the reasons stated above.

55.    For these reasons, Defendant Scott has violated the FDCPA and is liable to the Plaintiff for actual damages, statutory damages, costs, and reasonable attorney's fees.

### THIRD CAUSE OF ACTION
**(Willful Violation of § 1681s2-b as to Defendant Midland)**

56.    Plaintiff incorporates by reference all the above paragraphs of this *Complaint* as though fully stated herein with the same force and effect as if the same were set forth at length herein.

57.    This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

58.    Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

59.    Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The

furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

60.    The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the furnisher must report the results to other agencies which were supplied such information.

61.    Midland violated 15 U.S.C. § 1681s2-b by the publishing of inaccurate credit information to a credit reporting agency.

62.    Specifically, Midland reported this account as belonging to Plaintiff with a delinquent payment history, despite the original creditor flagging the account for fraud and not allowing payments to be made.

63.    As a result of the conduct, action, and inaction of Midland, Plaintiff suffered damage for the loss of creditworthiness, damage to her reputation, and severe emotional distress. Plaintiff has also been unable to obtain necessary medical procedures and has been forced to go back to school so that she may support her family.

64.    The conduct, action, and inaction of Midland was willful, rendering Midland liable for actual, statutory, and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681(n).

65.    Plaintiff is entitled to recover reasonable costs and attorney's fees from Midland in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

## FOURTH CAUSE OF ACTION
### (Negligent Violation of § 1681s2-b as to Defendant Midland)

66.    Plaintiff incorporates by reference all the above paragraphs of this *Complaint* as though fully stated herein with the same force and effect as if the same were set forth at length herein.

67. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

68. Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

69. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

70. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the furnisher must report the results to other agencies which were supplied such information.

71. Midland violated 15 U.S.C. § 1681s2-b by the publishing of inaccurate credit information to a credit reporting agency.

72. Specifically, Midland reported this account as belonging to Plaintiff with a delinquent payment history, despite the original creditor flagging the account for fraud and not allowing payments to be made.

73. As a result of the conduct, action, and inaction of Midland, Plaintiff suffered damage for the loss of creditworthiness, damage to her reputation, and severe emotional distress. Plaintiff has also been unable to finish her medical procedures and has been forced to go back to school so that she may support her family.

74.     The conduct, action and inaction of Midland was willful, rendering Midland liable for actual, statutory, and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681(n).

75.     Plaintiff is entitled to recover reasonable costs and attorney's fees from Midland in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

**FIFTH CAUSE OF ACTION**
**(Willful Violation of §1681s2-b as to Defendant**
**Comenity)**

76.     Plaintiff incorporates by reference all the above paragraphs of this *Complaint* as though fully stated herein with the same force and effect as if the same were set forth at length herein.

77.     This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

78.     Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

79.     Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from consumers such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

80.     The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher must report the results to other agencies that were supplied such information.

81.     Defendant Comenity is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s2-b.

82.     A reasonable investigation would require a furnisher such as Defendant Comenity to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

83.     The conduct, action and inaction of Defendant Comenity was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

84.     As a result of the conduct, action, and inaction of Defendant Comenity, Plaintiff suffered damage for the loss of creditworthiness, damage to her reputation, and severe emotional distress. Plaintiff has also been unable to finish her medical procedures and has been forced to go back to school so that she may support her family.

85.     Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant Comenity in an amount to be determined by the Court pursuant to 15 U.S.C. §1681o.

## SIXTH CAUSE OF ACTION
### (Negligent Violation of §1681s2-b as to Defendant Comenity)

86.     Plaintiff incorporates by reference all the above paragraphs of this *Complaint* as though fully stated herein with the same force and effect as if the same were set forth at length herein.

87.     This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

88.     Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

89.     Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from consumers such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

90.    The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher must report the results to other agencies that were supplied such information.

91.    Defendant Comenity is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s2-b.

92.    A reasonable investigation would require a furnisher such as Defendant Comenity to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

93.    The conduct, action and inaction of Defendant Comenity was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

94.    As a result of the conduct, action, and inaction of Defendant Comenity, Plaintiff suffered damage for the loss of creditworthiness, damage to her reputation, and severe emotional distress. Plaintiff has also been unable to finish her medical procedures and has been forced to go back to school so that she may support her family.

95.    Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant Comenity in an amount to be determined by the Court pursuant to 15 U.S.C. §1681o.

<u>**SEVENTH CAUSE OF ACTION**</u>
**Willful Violation of § 1681(e)(b) as to Transunion**

96.    Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

97.    This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

98.    Transunion violated 15 U.S.C. § 1681(e)(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit

report and credit files that Transunion maintained concerning Plaintiff.

99.     Transunion has willfully and recklessly failed to comply with the Act. The failure of Transunion to comply with the Act include but are not necessarily limited to the following:

1.  The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

2.  The failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff;

3.  The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

4.  The failure to promptly and adequately investigate information which Transunion had notice was inaccurate;

5.  The continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate;

6.  The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

7.  The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Transunion to delete;

8.  The failure to take adequate steps to verify information Transunion had reason to believe was inaccurate before including it in the credit report of the consumer.

100.    As a result of the conduct, action, and inaction of Transunion, Plaintiff suffered damage for the loss of creditworthiness, damage to her reputation, and severe emotional distress.

Plaintiff has also been unable to finish her medical procedures and has been forced to go back to school so that she may support her family.

101.    The conduct, action and inaction of Transunion was willful rendering Transunion liable for actual, statutory, and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681(n)

102.    Plaintiff is entitled to recover reasonable costs and attorney's fees from Transunion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

**EIGHTH CAUSE OF ACTION**
**Negligent Violation of § 1681(e)(b) as to Transunion**

103.    Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

104.    This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.,

105.    Transunion violated 15 U.S.C. § 1681(e)(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Transunion maintained concerning Plaintiff.

106.    Transunion has negligently failed to comply with the Act. The failure of Transunion to comply with the Act includes but is not necessarily limited to the following:

1.   The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

2.   The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by Plaintiff;

3.   The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

4.  The failure to promptly and adequately investigate information which Equifax had notice was inaccurate;

5.  The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by Plaintiff that the information was inaccurate;

6.  The failure to note in the credit report that Plaintiff disputed the accuracy of the information;

7.  The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Transunion to delete;

8.  The failure to take adequate steps to verify information Transunion had reason to believe was inaccurate before including it in the credit report of the consumer.

107.  As a result of the conduct, action, and inaction of Transunion, Plaintiff suffered damage for the loss of creditworthiness, damage to her reputation, and severe emotional distress. Plaintiff has also been unable to finish her medical procedures and has been forced to go back to school so that she may support her family.

108.  The conduct, action and inaction of Transunion was negligent, entitling Plaintiff to damages under 15 U.S.C. § 1681(o).

109.  Plaintiff is entitled to recover reasonable costs and attorney's fees from Transunion in an amount to be determined by the Court pursuant to 15 U.S.C. § 168l(o).

## NINTH CAUSE OF ACTION
### Willful Violation of § 1681(i)(a) as to Transunion

110.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length

herein.

111.　This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

112.　Transunion violated 15 U.S.C. § 168l(i)(a) by failing to conduct reasonable reinvestigations and delete inaccurate information from the credit file of Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigations.

113.　Transunion has willfully and recklessly failed to comply with the Act. The failure of Transunion to comply with the Act includes but is not necessarily limited to the following:

1. The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

2. The failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff;

3. The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

4. The failure to promptly and adequately investigate information which Trans Union had notice was inaccurate;

5. The continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate;

6. The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

7. The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Transunion to delete;

8.  The failure to take adequate steps to verify information Transunion had reason to believe was inaccurate before including it in the credit report of the consumer.

114.  As a result of the conduct, action, and inaction of Transunion, Plaintiff suffered damage for the loss of creditworthiness, damage to her reputation, and severe emotional distress. Plaintiff has also been unable to finish her medical procedures and has been forced to go back to school so that she may support her family.

115.  The conduct, action and inaction of Transunion was willful, rendering Transunion liable for actual, statutory and punitive damages in an amount to be determined by a Judge and/ or Jury pursuant to 15 U.S.C. § 1681(n).

116.  Plaintiff is entitled to recover reasonable costs and attorney' s fees from Transunion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

## **TENTH CAUSE OF ACTION**
### **Negligent Violation of § 1681(i)(a) as to Transunion**

117.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

118.  This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.,

119.  Transunion violated 15 U.S.C. § 168l(i)(a) by failing to conduct a reasonable reinvestigation to determine and delete inaccurate information from the credit file of Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigations.

120.  Transunion has negligently failed to comply with the Act. The failure of Transunion to comply with the Act include but are not necessarily limited to the following:

1. The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

2. The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by Plaintiff;

3. The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

4. The failure to promptly and adequately investigate information which Equifax had notice was inaccurate;

5. The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by Plaintiff that the information was inaccurate;

6. The failure to note in the credit report that Plaintiff disputed the accuracy of the information;

7. The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

8. The failure to take adequate steps to verify information Transunion had reason to believe was inaccurate before including it in the credit report of the consumer.

121.    As a result of the conduct, action, and inaction of Transunion, Plaintiff suffered damage for the loss of creditworthiness, damage to her reputation, and severe emotional distress. Plaintiff has also been unable to finish her medical procedures and has been forced to go back to school so that she may support her family.

122.    The conduct, action and inaction of Transunion was negligent, entitling Plaintiff to

damages under 15 U.S.C. § 1681(o).

123.    Plaintiff is entitled to recover reasonable costs and attorney's fees from Transunion in an amount to be determined by the Court pursuant to 15 U.S.C. § 168l(o).

## ELEVENTH CAUSE OF ACTION
### Willful Violation of § 1681(e)(b) as to Defendant Experian

124.    Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

125.    This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

126.    Experian violated 15 U.S.C. § 1681(e)(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Experian maintained concerning Plaintiff.

127.    Experian has willfully and recklessly failed to comply with the Act. The failure of Experian to comply with the Act include but are not necessarily limited to the following:

1.    The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

2.    The failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff;

3.    The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

4.    The failure to promptly and adequately investigate information which Experian had notice was inaccurate;

5.    The continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate;

6.  The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

7.  The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

8.  The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

128.    As a result of the conduct, action, and inaction of Experian, Plaintiff suffered damage for the loss of creditworthiness, damage to her reputation, and severe emotional distress. Plaintiff has also been unable to finish her medical procedures and has been forced to go back to school so that she may support her family.

129.    The conduct, action and inaction of Experian was willful rendering Experian liable for actual, statutory, and punitive damages in an amount to be determined by a Judge/ and or Jury pursuant to 15 U.S.C. § 1681(n).

130.    Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

131.    **WHEREFORE**, Plaintiff, an individual, demands judgment in her favor against Experian, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## <u>TWELTH CAUSE OF ACTION</u>
### Negligent Violation of § 1681(e)(b) as to Defendant
### Experian

132.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length

herein.

133.    This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 et
seq.,

134.    Experian violated 15 U.S.C. § 1681(e)(b) by failing to establish or to follow reasonable
procedures to assure maximum possible accuracy in the preparation of the credit report and
credit files that Trans Union maintained concerning Plaintiff.

135.    Experian has negligently failed to comply with the Act. The failure of Experian to comply
with the Act include but are not necessarily limited to the following:

1.  The failure to follow reasonable procedures to assure the maximum possible
    accuracy of the information reported;

2.  The failure to correct erroneous personal information regarding the Plaintiff
    after a reasonable request by Plaintiff;

3.  The failure to remove and/or correct the inaccuracy and derogatory credit
    information after a reasonable request by Plaintiff;

4.  The failure to promptly and adequately investigate information which Experian
    had notice was inaccurate;

5.  The continual placement of inaccurate information into the credit report of the
    Plaintiff after being advised by Plaintiff that the information was inaccurate;

6.  The failure to note in the credit report that Plaintiff disputed the accuracy of the
    information;

7.  The failure to promptly delete information that was found to be inaccurate, or
    could not be verified, or that the source of information had advised Experian to
    delete;

8.  The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

136.    As a result of the conduct, action, and inaction of Experian, Plaintiff suffered damage for the loss of creditworthiness, damage to her reputation, and severe emotional distress. Plaintiff has also been unable to finish her medical procedures and has been forced to go back to school so that she may support her family.

137.    The conduct, action and inaction of Experian was negligent, entitling Plaintiff to damages under 15 U.S.C. § 1681(o).

138.    Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 168l(o).

## THIRTEENTH CAUSE OF ACTION
### Willful Violation of § 1681(i)(a) as to Defendant Experian

139.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

140.    This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

141.    Experian violated 15 U.S.C. § 168l(i)(a) by failing to conduct reasonable reinvestigations and delete inaccurate information from the credit file of Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigations.

142.    Experian has willfully and recklessly failed to comply with the Act. The failure of Experian to comply with the Act include but are not necessarily limited to the following:

1.  The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

25

2. The failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff;

3. The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

4. The failure to promptly and adequately investigate information which Experian had notice was inaccurate;

5. The continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate;

6. The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

7. The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

8. The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

143.    As a result of the conduct, action, and inaction of Experian, Plaintiff suffered damage for the loss of creditworthiness, damage to her reputation, and severe emotional distress. Plaintiff has also been unable to finish her medical procedures and has been forced to go back to school so that she may support her family.

144.    The conduct, action and inaction of Experian was willful, rendering Experian liable for actual, statutory and punitive damages in an amount to be determined by a Judge/ and or Jury pursuant to 15 U.S.C. § 1681(n).

145.    Plaintiff is entitled to recover reasonable costs and attorney' s fees from Experian in an

amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

### FOURTEENTH CAUSE OF ACTION
**Negligent Violation of § 1681(i)(a) as to Defendant**
**Experian**

146.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

147.    This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.,

148.    Experian violated 15 U.S.C. § 168l(i)(a) by failing to conduct a reasonable reinvestigation to determine and delete inaccurate information from the credit file of Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigations.

149.    Experian has negligently failed to comply with the Act. The failure of Experian to comply with the Act includes but is not necessarily limited to the following:

1.    The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

2.    The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by Plaintiff;

3.    The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

4.    The failure to promptly and adequately investigate information which Experian had notice was inaccurate;

5.    The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by Plaintiff that the information was inaccurate;

27

6.  The failure to note in the credit report that Plaintiff disputed the accuracy of the information;

7.  The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

8.  The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

150.    As a result of the conduct, action, and inaction of Experian, Plaintiff suffered damage for the loss of creditworthiness, damage to her reputation, and severe emotional distress. Plaintiff has also been unable to finish her medical procedures and has been forced to go back to school so that she may support her family.

151.    The conduct, action and inaction of Experian was negligent, entitling Plaintiff to damages under 15 U.S.C. § 1681(o).

152.    Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 168l(o).

## FIFTEENTH CAUSE OF ACTION
### Willful Violation of § 1681(e)(b) as to Defendant Equifax

153.    Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

154.    This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

155.    Equifax violated 15 U.S.C. § 1681(e)(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Trans Union maintained concerning Plaintiff.

156.    Equifax has willfully and recklessly failed to comply with the Act. The failure of Equifax to comply with the Act includes but is not necessarily limited to the following:

1.   The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

2.   The failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff;

3.   The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

4.   The failure to promptly and adequately investigate information which Experian had notice was inaccurate;

5.   The continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate;

6.   The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

7.   The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

8.   The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

157.    As a result of the conduct, action, and inaction of Experian, Plaintiff suffered damage for the loss of creditworthiness, damage to her reputation, and severe emotional distress. Plaintiff has also been unable to finish her medical procedures and has been forced to go back to school so that she may support her family.

158.    The conduct, action and inaction of Equifax was willful rendering Equifax liable for actual, statutory, and punitive damages in an amount to be determined by a Judge and/ or Jury pursuant to 15 U.S.C. § 1681(n)

159.    Plaintiff is entitled to recover reasonable costs and attorney' s fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

### SIXTEENTH CAUSE OF ACTION
**Negligent Violation of § 1681(e)(b) as to Defendant**
**Equifax**

160.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

161.    This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.,

162.    Equifax violated 15 U.S.C. § 1681(e)(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Equifax maintained concerning Plaintiff.

163.    Equifax has negligently failed to comply with the Act. The failure of Equifax to comply with the Act includes but is not necessarily limited to the following:

1.  The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

2.  The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by Plaintiff;

3.  The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

4. The failure to promptly and adequately investigate information which Equifax had notice was inaccurate;

5. The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by Plaintiff that the information was inaccurate;

6. The failure to note in the credit report that Plaintiff disputed the accuracy of the information;

7. The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

8. The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

164.    As a result of the conduct, action, and inaction of Equifax, Plaintiff suffered damage for the loss of creditworthiness, damage to her reputation, and severe emotional distress. Plaintiff has also been unable to finish her medical procedures and has been forced to go back to school so that she may support her family.

165.    The conduct, action and inaction of Equifax was negligent, entitling Plaintiff to damages under 15 U.S.C. § 1681(o).

166.    Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 168l(o).

### SEVENTEENTH CAUSE OF ACTION
**Willful Violation of § 1681(i)(a) as to Defendant Equifax**

167.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

168.    This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

169.    Equifax violated 15 U.S.C. § 168l(i)(a) by failing to conduct reasonable reinvestigations and delete inaccurate information from the credit file of Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigations.

170.    Equifax has willfully and recklessly failed to comply with the Act. The failure of Equifax to comply with the Act includes but is not necessarily limited to the following:

1.  The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

2.  The failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff;

3.  The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

4.  The failure to promptly and adequately investigate information which Equifax had notice was inaccurate;

5.  The continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate;

6.  The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

7.  The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

8.  The failure to take adequate steps to verify information Equifax had reason to

believe was inaccurate before including it in the credit report of the consumer.

171.    As a result of the conduct, action, and inaction of Equifax, Plaintiff suffered damage for the loss of creditworthiness, damage to her reputation, and severe emotional distress. Plaintiff has also been unable to finish her medical procedures and has been forced to go back to school so that she may support her family.

172.    The conduct, action and inaction of Equifax was willful, rendering Equifax liable for actual, statutory, and punitive damages in an amount to be determined by a Judge and/ or Jury pursuant to 15 U.S.C. § 1681(n).

173.    Plaintiff is entitled to recover reasonable costs and attorney' s fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

### EIGHTEENTH CAUSE OF ACTION
**Negligent Violation of § 1681(i)(a) as to Defendant**
**Equifax**

174.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

175.    This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.,

176.    Equifax violated 15 U.S.C. § 168l(i)(a) by failing to conduct a reasonable reinvestigation to determine and delete inaccurate information from the credit file of Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigations.

177.    Equifax has negligently failed to comply with the Act. The failure of Experian to comply with the Act includes but is not necessarily limited to the following:

    1.    The failure to follow reasonable procedures to assure the maximum possible

accuracy of the information reported;

2.  The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by Plaintiff;

3.  The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

4.  The failure to promptly and adequately investigate information which Experian had notice was inaccurate;

5.  The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by Plaintiff that the information was inaccurate;

6.  The failure to note in the credit report that Plaintiff disputed the accuracy of the information;

7.  The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

8.  The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

178.    As a result of the conduct, action, and inaction of Equifax, Plaintiff suffered damage for the loss of creditworthiness, damage to her reputation, and severe emotional distress. Plaintiff has also been unable to finish her medical procedures and has been forced to go back to school so that she may support her family.

179.    The conduct, action and inaction of Equifax was negligent, entitling Plaintiff to damages under 15 U.S.C. § 1681(o). Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 168l(o).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from each Defendant as follows:

1.  For actual damages provided and pursuant to 15 U.S.C. § 1681o(a) and 15 U.S.C. § 1692 to be awarded for each negligent violation as alleged herein;

2.  For Statutory damages provided and pursuant to 15 U.S.C. § 1681n(a) and 15 U.S.C. § 1692;

3.  For Punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2) 15 U.S.C. § 1692;

4.  For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n(a)(3), 15 U.S.C. § 1681o(a)(2) and 15 U.S.C. § 1640(a)(3); and

5.  For any such other and further relief, as well as further costs, expenses, and disbursements of this action as this Court may deem just and proper.

DATED:   September 26, 2023                          Respectfully Submitted,

**JAFFER & ASSOCIATES PLLC**
 /s/ *Shawn Jaffer*
**Shawn Jaffer**
Bar No.: 24107817
5757 Alpha Road Suite 580
Dallas, Texas 75240
T: (214) 494-1871
F: (888) 530-3910
E-mail: wdtx@jaffer.law
**Attorneys for Plaintiff**